UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JAMES SALAZAR and DAWN SALAZAR, )
)
Plaintiffs, )
)
v. ) No. 4:14CV1974 RLW
)
LANDIS+GYR TECHNOLOGY, INC., )
formerly doing business as CELLNET )
TECHNOLOGY, INC., and HENKELS & )
McCOY, INC., )
)
Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Henkels & McCoy, Inc.'s ("Henkels") Motion to Compel Discovery Answers Prior to Mediation Directed against James Salazar and Dawn Salazar (ECF No. 26). Also pending is Defendant Landis+Gyr Technology, Inc.'s ("Landis+Gyr") Motion to Compel Directed to Plaintiff James Salazar (ECF No. 27). The motions are fully briefed and ready for disposition. Upon review of the motions and related memoranda, the Court will grant the motions to compel, in part.

### Discussion

The scope of discovery for actions filed in federal court are set forth in Federal Rule of Civil Procedure 26(b)(1). That rule provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). "The rule vests the district court with discretion to limit discovery if it determines, inter alia, the burden or expense of the proposed discovery outweighs its likely

benefit." *Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 361 (8th Cir. 2003) (citing Fed. R. Civ. P. 26(b)(1))

Here, both Defendants seek answers to interrogatories and production of documents pertaining to previous settlements stemming from Plaintiffs' present claims. Specifically, Defendants ask whether Plaintiff has received any settlement monies or things of value from any person or entity for personal injury or damages resulting from the accident involved in this suit. (Henkels' Mot. to Compel Ex. A #1, ECF No. 26-1; Landis+Gyr's Mot. to Compel Ex. A #2, ECF No. 27-1) Defendants also request the production of documents pertaining to settlement documents and documents involving Plaintiffs' workers' compensation claims. (Henkels' Request for Production #1, ECF No. 26-1; Landis+Gyr's Request for Production Ex. A #1, ECF No. 27-1)

In the responses in opposition, Plaintiffs state that they "have decided to produce their civil court settlement agreements with Ameren Services Company and Altec Industries . . . under seal to the Court after a Protective Order is put in place." (Responses ¶ 7, ECF Nos. 28, 29) However, Plaintiffs contend that the settlement information regarding the workers' compensation case is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. In support, Plaintiffs rely on *Lockwood v. Schreimann*, 933 S.W.2d 856 (Mo. Ct. App. 1996). In that case, defendant sought to amend the judgment after the jury returned a verdict in favor of the plaintiff, who had been injured in a vehicle accident. *Id.* at 257-58. The Missouri Court of Appeals found that defendant was not entitled to credit against the judgment for the amount of workers' compensation settlement that the plaintiff received. *Id.* at 861-62.

Defendants argue that they are entitled to the requested discovery because the workers' compensation information is relevant to show the extent of Plaintiff's injuries and medical bills

and also relevant to the extent that Plaintiff's employer maintains its subrogation interest. Defendants also maintain that the documents will be helpful in the upcoming mediation. The Court notes that the standard under Rule 26 is that the discovery sought be reasonably calculated to lead to the discovery of admissible evidence. "'Broad discovery is an important tool for the litigant, and so '[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.'" *WWP, Inc. v. Wounded Warriors Family Support, Inc.*, 628 F.3d 1032, 1039 (8th Cir. 2011) (quoting Fed. R. Civ. P. 26(b)(1)).

The Court finds that the documents contained in the workers' compensation file are relevant to show Plaintiff's medical claims and injuries. The Court does not presently have before it any claims for subrogation and declines to address Defendants' arguments regarding potential subrogation issues. Therefore, while the workers' compensation file/award is relevant, Defendants have failed to demonstrate that the settlement agreement falls within the scope of discovery of Plaintiff's injuries, medical bills, return to work, or capability to work. *See Central States, Southeast & Southwest Areas Pension Fund v. King Dodge, Inc.*, No. 4:11MC00233 AGF, 2011 WL 2784118, at *2 (E.D. Mo. July 15, 2011) ("[t]he moving party carries the burden of showing that the requested documents are discoverable within the meaning of Federal Rule of Civil Procedure 26.") Further, although Defendants argue that the settlement agreement will aid in mediation, the Court finds that the production of the settlement agreements with Ameren Services Company and Altec Industries should be sufficient to demonstrate off-set amounts and assist in achieving a successful ADR.

Finally, with regard to Plaintiffs' decision to produce the aforementioned civil court settlement agreements, the Court notes that Plaintiffs agree to submit the confidential agreements

3

under seal after a protective order is in place. Therefore, the Court will direct the parties to submit a motion for protective order with an agreed upon order for the Court's review.

Accordingly,

**IT IS HEREBY ORDERED** that the Motions to Compel filed by Defendants Henkels & McCoy, Inc. (ECF No. 26) and Landis+Gyr Technology, Inc. (ECF No. 27) are **GRANTED** in part and **DENIED** in part, consistent with this Memorandum and Order. Plaintiffs shall fully answer the interrogatories and requests for productions other than requests for the workers' compensation agreement no later than August 12, 2015.

**IT IS FURTHER ORDERED** that the parties shall submit a motion for protective order and a proposed protective order regarding the discoverable confidential settlement agreements no later than August 10, 2015.

Dated this 5th day of August, 2015.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**